ALLEN TOOL CORPORATION, PETITIONER, v. FRANK KNOX, SECRETARY OF THE NAVY OF THE UNITED STATES, RESPONDENT.

Docket No. 1 R.    Promulgated May 15, 1944.

*H. S. Fraser, Esq.,* for the petitioner.
*E. E. Ellison, Esq.,* for the respondent.

OPINION.

MURDOCK, *Judge:* This proceeding is at present before the Court on a motion of the respondent filed on April 12, 1944, to require the petitioner to amend its petition to conform to Rule 64, dealing with petitions filed under the Renegotiation Act.[1]

The Renegotiation Act is designed to provide for the elimination of excessive profits of contractors and subcontractors under Government war contracts. The act formerly provided that the head of

---

[1] Sec. 403 of the Sixth Supplemental National Defense Appropriation Act, 1942, as amended by sec. 701, Revenue Act of 1943.

the department or agency with which the contract had been made could determine the excessive profits by the issuance of an order. The amendment provides for a War Contracts Price Adjustment Board, which is to make all determinations with respect to fiscal years ending after June 30, 1943. Thus, all renegotiations for years ending up to July 1, 1943, are to be closed out under the old practice, but in all renegotiations for subsequent years only the Board will be authorized to make a determination. The amendment also provides for the filing of a petition in this Court for a redetermination of the amount of excessive profits (1) from a determination made by the War Contracts Price Adjustment Board, and (2) from an order made by the head of a department or agency. Sec. 403 (e) (1) and (2).

The Revenue Act of 1943, which contains section 701, above referred to, became a law on February 25, 1944. Thereupon, this Court gave consideration to the promulgation of Rule 64 to cover petitions which might be filed under this new legislation. That rule was first promulgated on March 28, 1944, but prior to that time, on March 1, 1944, the petition in this case had been filed under (e) (2), based upon an order of the Secretary of the Navy. The Court in the preparation of this rule addressed itself primarily to proceedings which might arise under subsection (e) (1), having in mind that only a limited number of cases could arise under (e) (2). Petitioners coming in under subsection (e) (2) may, in some instances, find themselves unable to comply fully with the rule, because the so-called unilateral order which they have received might give them no information except the year and the amount of the excessive profits determined. But it was thought that such cases could be dealt with most satisfactorily by a reasonable and, if necessary, flexible application of the rule. Strict compliance with the rule in all respects is required, of course, wherever possible, so that the benefits of the rule will not be lost.

The assertion is made in a memorandum incorporated in the motion now under consideration that the present petition does not contain clear and concise assignments of error or statements of the amounts received during the period in question under renegotiable contracts and subcontracts, identification of the contracts and subcontracts, the costs with respect thereto and the profits therefrom, and such other facts as may be pertinent to a determination of the errors alleged. The parties were fully heard on the motion.

The order upon which this proceeding is based does not disclose which of the petitioner's contracts were deemed renegotiable or the amounts of excessive profits determined to have been received or accrued with respect to particular contracts. It is not apparent that this petitioner is able to comply with Rule 64 in all of the respects

mentioned by the respondent. However, an examination of the petition convinces us that an amended petition could be filed which would comply more nearly with the rules of this Court.

The present petition contains no assignments of error as such. Paragraph 5, which perhaps approaches the requirements of the rule with respect to assignments of error, is phrased as a prayer for relief. Furthermore, it is not clear that all of the errors about which the petitioner intends to complain are set forth therein. Additional assignments of error may be commingled in later paragraphs with allegations of fact. Clear and concise assignments of error should be set forth separately and thereafter clear and concise numbered statements of the facts should be made. The present petition attempts to relate the allegations of fact to the errors complained of, and that is helpful. A large part of the paragraphs from 13 to 30, inclusive, is argumentative rather than factual. The petition should be free from arguments. Paragraph (e) of the rule requires that the statements of the facts shall show, *inter alia*, "the type and character of business done, and any other facts pertinent to a determination of the errors alleged." The present petition does not adequately comply with this part of the rule. The petitioner's counsel stated that he does not know exactly which contracts were deemed to be subject to renegotiation by the respondent. This difficulty could be overcome by his alleging separately as to each contract upon information and belief that it was renegotiated by the respondent in arriving at the amount of excessive profits. This would require the respondent under our Rule 14 to admit or deny each of these allegations and in this manner the issues would be narrowed to the contracts which were renegotiated by the respondent.

An order is being entered requiring the petitioner to file an amended petition to conform as near as may be to the rules of this Court.